IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STEPHANIE BOBO, et al.,** | : | |
| Plaintiffs, | : | Case No. 2:05-cv-1122 |
| v. | : | Judge Holschuh |
| **CITY OF CHILLICOTHE POLICE DEPARTMENT, et al.,** | : | Magistrate Judge Kemp |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION & ORDER

Plaintiffs filed suit against the City of Chillicothe and several of its police officers, seeking relief under 42 U.S.C. § 1983 for alleged violations of Plaintiffs' constitutional rights. This matter is currently before the Court on three pending motions: (1) Defendants' motion to compel discovery and request for attorney fees (Record at 20); (2) Defendants' motion for sanctions (Record at 22); and (3) Defendants' motion to dismiss (Record at 26). For the reasons stated below, the Court dismisses this action with prejudice for failure to prosecute, and orders Plaintiffs to pay expenses incurred by Defendants in filing their motion to compel discovery.

**I.    Procedural History**

On October 31, 2006, Defendants moved for an order compelling Plaintiffs to respond to discovery requests. Defendants also requested that Plaintiffs be ordered to pay expenses incurred in filing the motion. Counsel for Defendants certified that he had attempted to resolve the issue without court action as required by Federal Rule of Civil Procedure 37(a)(2)(B). On November 2, 2006, Magistrate Judge Kemp issued an order giving Plaintiffs fifteen days to comply with the discovery requests and to advise the Court why sanctions should not be

imposed. That order stated that if no response was received, the Court would enter an order awarding attorney fees to Defendants.

On November 21, 2006, Defendants filed a motion for sanctions, reporting that Plaintiffs had failed to comply with the Court's November 2, 2006 order. Defendants requested that the Court dismiss Plaintiffs' case with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). In the alternative, Defendants requested that Plaintiffs be prohibited from presenting any evidence relating to the discovery requests, and that the Court issue an order warning that any future failure to comply with discovery orders would result in dismissal of the case. Defendants again sought an award of expenses incurred in filing the motion.

On November 27, 2006, Magistrate Judge Kemp issued an order giving Plaintiffs until December 8, 2006 to show cause in writing why the case should not be dismissed for failure to prosecute. Plaintiffs were warned that failure to respond to the show cause order would result in dismissal of the action.

On December 11, 2006, Plaintiff Stephanie Bobo called Magistrate Judge Kemp's chambers to say that she had not received the show cause order until December 8, 2006.[1] She provided the Court with a new address. Ms. Bobo was told that if she needed an extension of time to respond to the order, she must file a motion and serve the opposing side. No such motion has been filed.

On December 18, 2006, Defendants filed a motion to dismiss the case with prejudice for failure to comply with the Court's November 2, 2006 order and the Court's November 27, 2006 show cause order. Defendants also requested an award of expenses incurred in filing the motion

---

[1] Counsel for Defendants allegedly e-mailed a copy of the Court's November 27, 2006 order to Plaintiff on November 28, 2006. (Ex. A to Mot. to Dismiss).

to dismiss. Plaintiffs have failed to respond to the motion to dismiss within the time allotted by the local rules.

**II.    Motion to Dismiss**

Defendants' motion to dismiss is based on Federal Rules of Civil Procedure 37(b) and 41(b). Federal Rule of Civil Procedure 37(b)(2) sets forth sanctions that may be imposed by the Court when a party fails to comply with a court order to provide discovery. Possible sanctions include dismissal of the action. See Fed. R. Civ. P. 37(b)(2)(C). Federal Rule of Civil Procedure 41(b) states that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

While this Court prefers to adjudicate cases on their merits, it is clear that Plaintiffs in this case have no further interest in litigating their claims. They failed to comply with this Court's November 2, 2006 order giving them fifteen days to respond to discovery requests. They also failed to respond to this Court's November 27, 2006 order giving them until December 8, 2006 to show cause in writing why the action should not be dismissed for failure to prosecute. Plaintiffs were specifically warned that failure to respond would result in dismissal of the action. While Ms. Bobo did call to give the Court her new address, she has not requested any extensions of time to comply with either of the Court's orders. Moreover, Plaintiffs have completely failed to respond to Defendants' motion to dismiss.

Under these circumstances, dismissal of this case with prejudice is warranted under Federal Rule of Civil Procedure 41(b). See Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991); Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962).

**III.     Motions for Attorney Fees**

The Court may require the party failing to obey a discovery order to pay "reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). In its November 2, 2006 order, Plaintiffs were expressly warned that failure to comply with the order would result in an award of attorney fees incurred by Defendants in filing the motion to compel discovery. Plaintiffs have presented no evidence to support a finding that the failure to comply with the order was substantially justified or that circumstances exist to make an award of attorney fees unjust. The Court therefore grants Defendants' request for an award of attorney fees incurred in the filing of the motion to compel discovery. Defendants shall file an itemized statement of such fees within ten days of the date of this Order. Plaintiffs shall then have 30 days to pay the attorney fees to Defendants.

Defendants have also moved for an award of attorney fees and expenses incurred in connection with the filing of their November 21, 2006 motion for sanctions and their December 18, 2006 motion to dismiss. However, in light of the harsh sanction of dismissal with prejudice already imposed by the Court, the Court finds that an additional award of attorney fees is not warranted.

**IV.     Conclusion**

Pursuant to Federal Rule of Civil Procedure 41(b), the Court **GRANTS** Defendants' unopposed motion to dismiss (Record at 26) and **DISMISSES** this case **WITH PREJUDICE** for failure to prosecute. This largely renders **MOOT** Defendants' motion to compel discovery (Record at 20) and motion for sanctions (Record at 22). However, pursuant to Federal Rule of Civil Procedure 37(b)(2), the Court **ORDERS** Plaintiffs to pay attorney fees incurred by

Defendants in filing their October 31, 2006 motion to compel discovery.  Defendants shall file an itemized statement of attorney fees within ten days of the date of this Order.  Plaintiffs shall then have 30 days to submit payment to Defendants.  The Court denies Defendants' additional requests for attorney fees.

**IT IS SO ORDERED.**

Date: January 19, 2007 /s/ **John D. Holschuh**
John D. Holschuh, Judge
United States District Court